UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jarvis Javon Riley, #313692, | ) | C/A No. 9:07-2655-HFF-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Antwan Patterson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |



This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at the Kirkland Reception and Evaluation Center, which is part of the South Carolina Department of Corrections prison system. Plaintiff has submitted a Complaint to this Court, seeking only injunctive relief. The sole relief requested is an order from this Court making Plaintiff a confidential informant so that he can be released from prison and put "back on the street" to obtain information leading to the arrest and conviction of an alleged "big time drug dealer" with whom Plaintiff is acquainted. Complaint, at 3, 5. He does not seek damages or any other form of relief, and he names the alleged dealer as the only Defendant.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, this case is subject to summary dismissal because Plaintiff has offered his services to the wrong branch of government. The judicial branch of government (the Court system) does not have any responsibility for determining who to use or who not to use as confidential informants in criminal investigations. That authority is vested in the executive branch of government, particularly either state or federal law enforcement officials. Accordingly, this Court is without subject-matter jurisdiction to grant the relief sought by Plaintiff in this case.



Furthermore, to the extent that Plaintiff's allegations could be liberally construed as a request for assistance from this Court in having a criminal prosecution instituted against the alleged drug

2

dealer or a claim under 42 U.S.C. § 1983 that Plaintiff's constitutional rights are violated by the lack of such a prosecution,[2] the Complaint does not state a viable legal claim and is subject to summary dismissal. Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). Also, several federal courts have held that, in absence of allegations that protective services such as criminal investigations and charges are being withheld *solely* for an illegally discriminatory reason, a private citizen, such as the Plaintiff, may not recover damages under § 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See, e.g., McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir. 1989)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection;" plaintiff victim of assault could arguably sustain equal protection claim for inadequacy of police protection *only upon proof* that non-arrest of perpetrator was result of discrimination against protected class); *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection."); *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir. 1984)(plaintiff should have been permitted

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

to have jury consider section 1983 claim where he presented proof that showed he was denied municipal services on account of his race); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Nieves-Ramos v. Gonzalez-De-Rodriguez*, 737 F.Supp. 727 (D. P.R. 1990)(no cause of action under section 1985 against judge and prosecutor for failing to arrest person where no allegations of illegal discrimination); *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice"). *But see Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir.1995) ("when police officers conceal or obscure important facts about a crime from its victims, rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged"); *Love v. Bolinger*, 927 F.Supp. 1131 (S.D. Ind. 1996)(conspiracy to keep details of criminal investigation secret or not to begin one at all may be actionable as a denial of access to court claim under specific allegations).



As the Seventh Circuit Court of Appeals explained:

> [T]here is no constitutional right to be protected by the state against being murdered [or otherwise injured] by criminals or madmen. It is monstrous if the state fails to protect its residents against such predators *but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution*. The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order. *Discrimination in providing protection against private violence could of course violate the equal protection clause of the Fourteenth Amendment. But that is not alleged here*. All that is alleged is a failure to protect [the Plaintiff] and others like her from a dangerous madman, and as the State of Illinois has no federal constitutional duty to provide such protection its failure to do so is not actionable under section 1983.

*Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982)(emphasis added).

A close and careful examination of the allegations contained in the Plaintiff's Complaint does not disclose any reference to any specific federal constitutional or statutory rights allegedly violated by any person, nor are there any allegations that anyone has failed or refused to act because of racial, religious, gender or other illegal discrimination. Thus, no federal cause of action under 42 U.S.C. § 1983 or any other federal statute based on the lack of arrest of the alleged drug dealer or from the Plaintiff's current non-informant status is stated even under the most liberal construction of the Complaint in this case.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

August 6, 2007
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).